IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-100-G-BN |
| | § | |
| STATE OF TEXAS and CRYSTAL SOKOLOWSKI PAYTON, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Peter Jones filed this *pro se* action against the State of Texas, a state agency (Child Protective Services (or CPS)), and an individual who appears to be the co-parent of Jones's children. Jones also moves for leave to proceed *in forma pauperis* (IFP). *See* Dkt. Nos. 4, 17. So Senior United States District Judge A. Joe Fish referred Jones's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court will grant Jones leave to proceed IFP through a separate order. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Jones's lawsuit for the reasons and to the extent set out below.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The same statute provides for summary dismissal of claims "seek[ing] monetary relief against a

defendant who is immune from such relief." *See id.* § 1915(e)(2)(B)(iii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

And, to survive dismissal, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need

to include sufficient factual allegations, depends on context.")))

Put differently, plaintiffs, through the complaint, must provide the Court enough factual content to demonstrate an entitlement to relief. *Compare Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *with Robbins*, 519 F.3d at 1247 ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

## Analysis

Based on the allegations of his one amended complaint allowed as a matter of course, *see* Dkt. No. 5; FED. R. CIV. P. 15(a)(1), Jones seeks monetary damages, alleging that, during an "adjudicative CPS hearing," the defendants violated his civil rights (presumably bringing this claim under 42 U.S.C. § 1983) and the Americans with Disabilities Act (the ADA) and that the individual defendant defamed him, *see, e.g.*, Dkt. No. 5 at 3 ("The plaintiff prays that this court finds the defendant and co-defendant liable for depriving the plaintiff of a meaningful parent child relationship and the irreparable damaging harm caused between the plaintiff and his children, for sending the plaintiff into an epileptic stress induced seizure, and for the co-defendant's defamation of character, assessing the damages incurred described in this complaint, awarding the plaintiff a punitive monetary value of $125,000.00 adjudged against the defendant and [ ] the plaintiff's indebted full amount of child support arrearage adjudged against the co-defendant.").

### I. Sovereign immunity prevents jurisdiction over the Section 1983 and ADA claims against Texas.

"Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)).

And the United States Court of Appeals for the Fifth Circuit "has held that Child Protective Services is 'an arm of the state under the Eleventh Amendment.'" *Noble v. CPS – Fort Worth*, No. 4:20-cv-241-P-BP, 2020 WL 5505660, at \*2 (N.D. Tex. Aug. 24, 2020) (quoting *Hall v. Dixon*, No. H-09-2611, 2010 WL 3909515, \*46 (S.D. Tex. Sept. 30, 2010) (citing, in turn, *Stem v. Ahearn*, 908 F.2d 1, 4-5 (5th Cir. 1990))), *rec. accepted*, 2020 WL 5500269 (N.D. Tex. Sept. 11, 2020).

Starting with Jones's claim that Texas violated his civil rights, "Texas has not consented by statute, and [42 U.S.C.] § 1983 does not abrogate state sovereign immunity." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)).

A claim against Texas under the ADA is not as straightforward. First, Texas has sovereign immunity as to claim under Title I of the ADA, applicable to employment discrimination. *See Sullivan v. Tex. A&M Univ. Sys.*, 986 F.3d 593, 595-96 (5th Cir. 2021).

But Jones's allegations seem to support a claim under Title II of the ADA, which "covers discrimination in the provision of public services." *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671 (5th Cir. 2004) (citing 42 U.S.C. § 12131, *et seq.*).

And "Title II of the ADA validly abrogates state sovereign immunity when the state's conduct actually violates the Fourteenth Amendment." *Valentine v. Collier*, 993 F.3d 270, 281 (5th Cir. 2021) (citing *United States v. Georgia*, 546 U.S. 151, 159 (2006)). So, where a plaintiff "has alleged no conduct that violates Title II, [the state] is entitled to Eleventh Amendment immunity." *Block v. Tex. Bd. of Law Examiners*, 952 F.3d 613, 619 (5th Cir. 2020).

> To establish a prima facie case of discrimination under [Title II of] the ADA, [Jones] must show (1) he is a "qualified individual" under the ADA; (2) he was excluded from participation in, or denied the benefits of, services, programs, or activities for which [CPS] is responsible; and (3) the exclusion was by reason of disability. Title II requires public entities to make "reasonable modifications in policies, practices, or procedures" for disabled individuals, unless the entity can show that a modification would "fundamentally alter the nature" of the service or program it offers. A public entity's failure to make a reasonable modification may satisfy the second and third prongs of the prima facie case. [And Jones] bears the burden of showing that he requested a modification and that it was reasonable.

*Id.* at 618 (footnotes omitted); *accord Melton*, 391 F.3d at 671-72; *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *Windham v. Harris Cnty., Tex.*, 875 F.3d 229, 235 (5th Cir. 2017).

Jones alleges that CPS's failure "to provide notice to [him] until the morning of the hearing" caused him "stress" and "sent [him] into an epileptic episode, considered petite seizure that lasted for approximately 2-3 hours." Dkt. No. 5 at 2. According to Jones, he "requested that the hearing be rescheduled due to the failure of hearing notice and because [he] felt an epileptic stress induced episode coming on," but CPS "refused to reschedule the hearing although [Jones] was clearly struggling to proceed with the hearing." *Id.* More specifically, Jones alleges that "[t]he epileptic

attack was causing [his] speech to studder excessively affecting [his] ability to speak and communicate during the hearing." *Id.* As a result, Jones claims that he "had to remove himself from the adjudicative hearing" to "tend to his health situation." *Id.*

Where a *pro se* plaintiff alleged that a state agency "was aware plaintiff was disabled by way of the medical records and social security documents plaintiff had submitted that indicated plaintiff's diagnosis for Bipolar Disorder," a federal district court permitted a Title II ADA claim to proceed past screening where, "[d]espite plaintiff's disability and her express objections, the agency continued with the hearing without providing plaintiff an accommodation." *McKnight v. Nev. Dep't of Health & Human Servs.*, 3:17-cv-00483-MMD-VPC, 2018 WL 4610872, at *5 (D. Nev. June 20, 2018).

But, even assuming that CPS had notice of Jones's alleged disability solely by his requesting an accommodation (that the hearing be continued) in the moment, *see Windham*, 875 F.3d at 236-37, Jones still has not plausibly alleged that he is a qualified individual under the ADA where he alleges that he has experienced just a single seizure, *see Campbell v. Prometheus Labs., Inc.*, No. 3:07-0558, 2008 WL 237723, at *4 (M.D. Tenn. Jan. 28, 2008) ("Plaintiff cannot allege facts to show that she is a qualified individual with a disability. Plaintiff alleged in her Complaint that she experienced one episode of seizures in July 2006, but she did not specify any major life activity, such as caring for herself, performing manual tasks, walking, seeing, hearing, speaking, breathing, or learning, that was substantially impaired by her seizure disorder."); *see also Ball v. LeBlanc*, 792 F.3d 584, 596-97 (5th Cir. 2015) ("[A]

person is disabled [under the ADA] if he has 'a physical or mental impairment that substantially limits one or more major life activities.' 42 U.S.C. § 12102(1)(A). The statute defines a major life activity in two ways. First, major life activities include, but are not limited to: 'caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.' *Id.* § 12102(2)(A). Second, a major life activity includes 'the operation of a major bodily function.' *Id.* § 12102(2)(B). Such functions include, but are not limited to: 'the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.'").

So, because Jones has not alleged a plausible claim under Title II of the ADA, Texas is entitled to sovereign immunity, and the Court is without jurisdiction over this claim.

### II. As to the ADA claim, in the alternative, even if Jones has alleged a plausible Title II claim against Texas, that claim is time barred and should be dismissed with prejudice.

As alleged in the complaint, the CPS hearing at issue occurred in January 2020. *See, e.g.*, Dkt. No. 2 at 5. But this lawsuit was filed no sooner than January 2023, some three years later.

Although the ADA does not provide a limitations period, the Court must "apply Texas's two-year personal-injury limitations period to this [claim]." *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (en banc) (footnote omitted); *see* TEX. CIV. PRAC. & REM. CODE § 16.003. But when the ADA claim accrued – that is, when the two-year limitations period began to run – remains "a matter of federal law." *Id.* at

238 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008)).

Generally, "accrual occurs when a plaintiff has 'a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Wallace*, 549 U.S. at 388; citation omitted). Put another way, "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Epps*, 550 F.3d at 414 (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)).

Based on Jones's allegations, he was aware that he suffered an injury in January 2020, when CPS failed to continue the hearing at his request. So this lawsuit is time barred under Texas's two-year personal-injury limitations period.

That a claim is subject to dismissal based on a statute of limitations is typically an affirmative defense. But Jones filed the current complaint IFP, subjecting the complaint to judicial screening under 28 U.S.C. § 1915(e).

And, if "'it is clear from the face of [such] a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint filed *in forma*

*pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915[(e)]." (citations omitted))).

That is the case here. The face of Jones's operative complaint makes it clear that the ADA Title II claim is time barred.

Nonetheless, "a litigant is entitled to equitable tolling of a statute of limitations" "if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))

But a plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts 'still require *pro se* parties to fundamentally "abide by the rules that govern the federal courts."' So *pro se* 'litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal.' Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling." (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *cf. Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of

- 9 -

equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

Jones fails to allege facts to support either prong of equitable tolling. So, if the Court finds that the ADA claim against Texas is not subject to sovereign immunity, the claim should be dismissed as time barred.

### III. The Court should dismiss the claims against the individual defendant with prejudice.

First, insofar as Jones alleges a Section 1983 claim against his co-parent, "[a] plaintiff makes out a § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting, in turn, *United States v. Classic*, 313 U.S. 299, 326 (1941))). And Jones fails to allege facts to show that his co-parent exercised such power or otherwise acted under the authority of state law.

Similarly, Title II of the ADA does not provide for a cause of action against an individual defendant. *See* 42 U.S.C. § 12131(1) (defining a "public entity" as applicable here as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local

government"); *see, e.g.*, *Gough v. McCain*, No. 1:19-CV-01183, 2022 WL 669866, at *16 (W.D. La. Feb. 3, 2022) ("Title II forbids discrimination by public entities. Gough may not sue Defendants in their individual capacities under Title II of the ADA." (collecting cases)), *rec. adopted*, 2022 WL 669411 (W.D. La. Mar. 4, 2022); *see also Hay v. Thaler*, 470 F. App'x 411, 417 n.19 (5th Cir. 2012) (per curiam) ("The district court did not err in dismissing Hay's [Rehabilitation Act (RA)] claims against these defendants in their individual capacities. Because the remedies, procedures, and rights under the ADA are the same as those under the RA, we note that the district court reasoned there also would be no individual liability for claims of violations under the ADA." (citations omitted)).

And, based on the face of his operative complaint, Jones's defamation claim against his co-parent is time barred.

> Under Texas law, there is a one-year statute of limitations for defamation actions. *See* TEX. CIV. PRAC. & REM. CODE § 16.002(a); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 741-42 (5th Cir. 2019). Generally, a defamation claim accrues on the date the alleged defamatory statement is published or circulated by the defendant; however, in certain defamation cases the discovery rule applies, "whereby the statute of limitations does not begin to run until the injured party learns of, or in the exercise of reasonable diligence should have learned of, the injury or wrong giving rise to the cause of action." *Kelley v. Rinkle*, 532 S.W.2d 947, 948 (Tex. 1976); *see also Childs v. Haussecker*, 974 S.W.2d 31, 39-40 (Tex. 1998) (explaining the scope of the discovery rule).

*Klocke v. Watson*, No. 22-10348, 2023 WL 2823060, at *4 (5th Cir. Apr. 7, 2023) (per curiam).

Jones's allegations fail to trigger Texas's discovery rule. And the Court may dismiss this claim under the framework articulated above as to the alternative basis

to dismiss the ADA Title II claim against Texas.

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Jones an opportunity to explain how the fatal pleading deficiencies identified above can be cured and thus show the Court that this case should not be dismissed at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

And, if Jones fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

Unless, within the time to file objections, Plaintiff Peter Jones shows a basis to grant leave to amend the complaint, the Court should dismiss the claims against

- 12 -

Texas as barred by sovereign immunity or, in the alternative, as to the claim under Title II of the Americans with Disabilities Act, with prejudice as time barred, and the Court should dismiss the claims against the individual defendant with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 11, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE